UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ARMADA SHIPPING S.A.,

               Plaintiff,

- against -

CAPEX EUROPE SAM a/k/a CAPEX EUROPE,

               Defendant.
------------------------------------------------------------X

## VERIFIED COMPLAINT

      Plaintiff, ARMADA SHIPPING S.A. (hereafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, CAPEX EUROPE SAM a/k/a CAPEX EUROPE (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

      2.     At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of Switzerland.

      3.     At all material times to this action, Plaintiff was the disponent owner of the motor vessel "TPC WELLINGTON" (hereinafter the "Vessel").

      4.     Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of the laws Monaco.

5. Pursuant to a fixture for a charter party contract dated January 10, 2008 ("Charter Party"), Plaintiff voyage chartered the Vessel to Defendant for a voyage from Aruba to Belem for the carriage of a cargo of Bulk Petcoke.

6. The fixture for the charter party provided for the Plaintiff to nominate the performing Vessel at least 6 days prior to her arrival at the loadport. The fixture further provided that the "demurrage to be advised by [Plaintiff] when nominated performing vessel, same to be determinated (sic) bss round voyage rate on open book bss at time of nomination, in anycase (sic) not to exceed USD 75,000.

7. On or about March 11, 2008, Plaintiff duly nominated the performing vessel, i.e. M/V "TPC WELLINGTON" and of the demurrage rate of $62,000 per day, pro rata. Defendant did not object to the vessel nomination or the demurrage rate.

8. The Vessel proceeded to the loadport and due to delays encountered during loading, the Defendant exceeded the allowed laytime and incurred demurrage of 14 days, 9 hours and 54 minutes (14.4125000 days) at $62,000 per day for a total of $893,575.00. At the discharge port, the Defendant completed the discharge operations expeditiously and earned despatch of 2 days, 23 hours and 5 minutes (2.9618056 days) at $31,000 (half despatch) per day for a total of $91,815.97. Thus, at the end of the voyage, the net demurrage due and owing from Defendant to Plaintiff was $838,138.90.

9. Defendant disputed the demurrage rate applied by Plaintiff and despite due demand only partially paid to Plaintiff demurrage in the amount of $592,768.64, thus breaching the Charter Party contract and leaving a balance due and owing to Plaintiff in the sum of $245,370.26.

10. As a result of Defendant's breach of the Charter Party as set forth above, Plaintiff has and will continue to suffer damages in the principal amount of $245,370.26, exclusive of interest, arbitration costs and attorney's fees.

11. In accordance with the clause 5 of the Charter Party contract, disputes between the parties are to be submitted to arbitration in London with English law to apply.

12. By appointing its arbitrator on or about June 30, 2008, Plaintiff commenced arbitration in London on its claims, as aforesaid, against the Defendant. Plaintiff duly notified Defendant of the appointment of its arbitrator.

13. This action is brought in order to obtain jurisdiction over Defendant and to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

14. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

| | | |
|---|---|---|
| A. | Principal claim – | $245,370.26; |
| B. | Estimated interest on claim - 2 years at 8% compounded quarterly: | $42,120.08; |
| C. | Estimated arbitration costs: | $20,000.00; and |
| D. | Estimated attorneys' fees and expenses: | $50,000.00 |
| **Total:** | | **$357,490.34** |

15. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during

the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant. *See Affidavit of Patrick F. Lennon annexed hereto as Exhibit "1."*

16. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$357,490.34** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and

that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

  C. That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

  D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

  E. That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

  F. That in the alternative, this Court enter Judgment against the Defendant on the claims set forth herein;

  G. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

  H. That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:  July 10, 2008
     New York, NY

            The Plaintiff,
            ARMADA SHIPPING S.A.

            By: _____
            Patrick F. Lennon
            Nancy R. Peterson (Siegel)
            LENNON, MURPHY & LENNON, LLC
            420 Lexington Avenue, Suite 300
            New York, NY 10170
            (212) 490-6050 – phone
            (212) 490-6070 – facsimile
            pfl@lenmur.com
            nrp@lenmur.com

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Patrick F. Lennon.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    July 10, 2008
          New York, NY

                                        _____
                                        Patrick F. Lennon

# EXHIBIT 1